**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated, | Civil File No. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| REALGY, LLC | |
| Defendant. | |

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff George Moore alleges that Realgy, LLC ("Realgy") made unsolicited pre-recorded telemarketing calls without his prior express consent and that he received those calls.

3. Moreover, the Plaintiff alleges that such calls were made to numbers listed on the National Do Not Call Registry, a separate violation of the TCPA.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff George Moore is an individual residing in this District.

7. Defendant Realgy, LLC is a limited liability company based in Connecticut, which is registered to do business in this District.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. The Court has personal jurisdiction over Realgy because it made calls into this District and is registered to do business in this District.

10. Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA prohibits automated calls to cellular telephones

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

16. In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

20. Realgy offers deregulated energy services.

21. To generate leads, Realgy makes telemarketing calls to consumers with whom it never had a relationship and who have never consented to receive its calls.

22. Realgy makes these calls using pre-recorded voice messages.

23. Realgy has previously been sued for this telemarketing conduct. *See e.g. Landwer v. Realgy, LLC*, Civil Action No. 21-cv-3914 (N.D. Ill.).

24. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's telephone number 630-699-XXXX is assigned to a cellular telephone service.

26. That number is a residential telephone line used for personal purposes and is not associated with a business.

27. That number is also on the National Do Not Call Registry, and has been for more than 30 days prior to Plaintiff's receipt of the Defendant's first calls.

28. Despite this, the Defendant placed a pre-recorded call to the Plaintiff on March 17, 25, 29, 30 and April 1, 4, 11, 25, 2022.

29. The Caller ID for all of the calls were "spoofed" to make it appear that they were coming from a local number.

30. This is a further indication of the *en masse* nature of the calling done by the Defendant.

31. All of the calls were made with the following pre-recorded message:

> This is a call from your utility company. You have been paying more than your consumption from the previous few months. You will be compensated by fifty dollars along with thirty-five percent reduction on your electric and gas bills. Please press 1 to get your compensation.

32. The calls were clearly pre-recorded because (a) they asked for an automated "press a button" response (b) they were sent using automated technology used to mask Caller IDs (c) they used a singular monotone voice (d) they used a generic message not personalized for the recipient.

33. During the March 29, 2022 call, the Plaintiff listened to the Defendant's live telemarketing pitch after the pre-recorded message.

34. On the call, "Jack" informed the Plaintiff that he was paying an energy rate that was too high.

35. "Jack" informed the Plaintiff that Realgy was offering him a better deal and chance to save money if he signed up for their services.

36. While the Plaintiff was still on the line, "Jack" connected the call with Realgy's verification system in order to finalize Plaintiff's sign-up for Realgy's services.

37. The recorded verification system informed the Plaintiff that he was speaking with Realgy and to call (877) 300-6747.

38. That is a number for Realgy.

39. Prior to filing this lawsuit, the Plaintiff brought the illegal calls to the Defendant's attention and sent them correspondence.

40. The Defendant acknowledged receipt but did not further respond.

41. Plaintiff's privacy has been violated by the above-described telemarketing calls.

42. The Plaintiff never provided his consent or requested these calls.

43. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

44. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

**Class Action Allegations**

45. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

46. The Classes of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number, Defendant, or a third party on its behalf, placed a call using a pre-recorded voice (2) within the four years prior to the filing of the Complaint through trial.

**National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

47. The Classes defined above are identifiable through phone records, phone number databases, and business and customer records of Defendant.

48. Based on the *en masse* nature of telemarketing, the potential members of the Classes likely number at least in the thousands.

49. Individual joinder of these persons is impracticable.

50. The Plaintiff is a member of the Classes.

51. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Defendant used a pre-recorded message to make the calls;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

   (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Plaintiff's claims are typical of the claims of members of the Classes.

53. Plaintiff is adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, using a pre-recorded voice to cellular telephone numbers.

58. The Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

### SECOND CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))
on behalf of Plaintiff and the National Do Not Call Registry Class**

61. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

62. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

63. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising energy goods or

services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a pre-recorded voice and prohibiting the Defendant from advertising energy goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/ Anthony Paronich*

10

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*